# Ward v. Janney & Cheney.

*Bill in Equity to quiet Title.*

1. *Bill to quiet title; description of lands insufficient.*—Where, in a bill filed under the act of December 10, 1892, to compel the determination of claims to real estate, and to quiet titles to the same, (Acts 1892-93, p. 42), a description of land as to which relief is sought as "the following real estate, situated near the city of Montgomery, Alabama, namely, five acres of land, being a part of lot number 5, according to a survey made by A. J. Pickett of the land of Mrs. Westcott," is insufficient, and the bill is demurrable therefor.

2. *Same; same.*—It being judicially known that lands within two miles of the city of Montgomery may not be within Montgomery county, a bill so describing land is defective in not stating that the land is situated in Montgomery county.

APPEAL from City Court of Montgomery, in Equity.

Heard before the Hon. THOMAS M. ARRINGTON.

The bill in this case was filled by the appellees, Jan-

ney & Cheney, as trustee of the estate of Moses Brothers, to compel the determination of the appellant's claim to certain real estate, and to quiet the title of the same, as provided by an act of the legislature approved December 10, 1892. (Acts 1892-93, p. 42).

The bill avers that on March 26th, 1886, the respondent leased from Moses Bros., for the term of ten years, certain lands situated near the city of Montgomery, Alabama, a copy of which lease is attached to the bill; that the defendant, since the said lease, and at the time of the filing of said bill, was in possession of said premises as tenant; that on July 6th, 1891, Moses Bros. made a general assignment of all their property for the benefit of their creditors; that the assignees named in said deed of general assignment had conveyed all of the property of said Moses Bros., including the said leased premises, to the complainants, as their successors, and that the complainants were, at the time of the filing of this bill, in the peaceable possession of said property, subject only to said lease. It was also averred in said bill that the defendant denied the title of the complainants to said property, and claimed some right or equity in said lands, which interfered with the sale of said property as required by the deed of general assignment, and that the basis of said claim by the respondent was some executory contract alleged to have been made with Moses Brothers, which was unknown to the complainants, and which he threatened to enforce by suit. It was also averred that no suit was pending to enforce the valididity of said claim, and that the said lease does not expire until the 1st of May, 1896. The description of the real estate as contained in the bill is copied in the opinion.

The respondent demurred to the bill of complaint, and assigned among others, the following grounds:

1st. That the bill fails to show with sufficient certainty how or when the complainants got title to or possession of said lands. 2d. That the bill fails to show what part of the lands described in said bill is claimed by the complainants. 3d. That the bill shows on its face that the complainants are not in the peaceable possession of said lands, either actively or constructively. 4th. That said lands are not described with certainty in said bill as by law required. 5th. That the description of said lands in said bill is too vague, uncertain and in-

definite for the court to render any decree as to the same in this suit.

Upon the submission of the cause on this demurrer filed by the respondent, the chancellor overruled the said demurrer; and on this appeal, prosecuted by the said respondent, the decree in this behalf is assigned as error.

GORDON MACDONALD, for appellant, cited *Neely v. Goodwin*, 91 Ala. 604; *Williams v. Roe*, 59 Ala. 629; *Hurt v. Freeman*, 63 Ala. 335.

TOMPKINS & TROY and HORACE STRINGFELLOW, *contra*, cited *Neely v. Goodwin*, 91 Ala. 604.

McCLELLAN, J.—This bill is filed by Janney and Cheney, Trustees &c., under the act of December 10, 1892, "To compel the determination of claims to real estate in certain cases and to quiet the title to the same." The mere reading of the bill in connection with the statute, in our opinion, suffices to demonstrate that it contains every averment which is necessary under the act to give the court jurisdiction and authorize relief, except in respect of the description of the land as to which it is sought to have the claim of Ward determined and the title quieted. The averment of description is this: "The following real estate situated near the city of Montgomery, Alabama, namely, five acres of land being a part of lot number five according to survey made by A. J. Pickett of the land of Mrs. Westcott." It further appears that this five acres was leased by complainants' grantors to Ward "for a truck farm," and was being occupied by Ward at the time of bill filed. This is wholly insufficient in a case of this character where the decree is not one to be presently executed, but is to stand for all time as a muniment of title. It may be that upon a decree of sale by such description, a writ of assistance to the purchaser might be executed by reference to Ward's occupation, though that is to be questioned, since *non constat* but that his occupation is not continuous with the five acres as to which the claim sought to be determined is made; but this occupation is ephemeral in its nature, and would not in after years give any aid to an otherwise imperfect description. That the description

is otherwise imperfect we think is clear. The land is said to be near Montgomery, Ala. It had belonged to some Mrs. Westcott, constituting a part of a larger tract which A. J. Pickett had surveyed for her and laid off into numbered lots. What these lots contained we are not advised; but it does appear that one of them was numbered five, that this lot contained more than five acres, but how much more does not appear—may be ten acres more, may be an hundred—and that the land in controversy was a part, and only a part, of course, of this larger lot. No fact is stated by which it could be made to appear in the decree what particular five of the fifteen or hundred and five acres of land, as the case might be, was conveyed and the title to it quieted thereby. This does not meet the requirements of law in ordinary cases, which seem to. be accentuated—probably with reference to the fact that the decree is to stand without anything being done under it as a muniment of title—by the provisions of this act that the bill shall "describe the lands with certainty."

Moreover, since we judicially know that lands within two miles of the city of Montgomery, may not be in the county of Montgomery, the bill is bad for the further reason that it fails to aver that this land is in Montgomery county.

The court below erred, therefore, in overruling the demurer to the bill in so far as it had reference to the description of the land; and its decree must be reversed. The cause is remanded.

Reversed and remanded.