[Inter-State Building & Loan Association v. Stocks.]

# Inter-State Building & Loan Association v. Stocks.

*Bill to Quiet Title and for Relief.*

| 124 | 109 |
| 130 | 406 |
| 124 | 109 |
| 182 | 624 |
| 124 | 109 |
| 138 | 667 |

1. *Bill to quiet title; what may be determined.*—Upon a bill filed under the act "to compel the determination of claims to real estate in certain cases and to quiet the title to the same," Code 809-813, and containing only the averments necessary under the statute, there can be no adjudication except as to whether the defendant "has any right, title or interest in or claim upon such lands, or any part thereof, and what said right, title, interest or incumbrance is;' and upon such bill and the statutory answer thereto, neither party is entitled to any final relief beyond a determination of the status of the title as between them.

2. *Averments necessary in a statutory bill seeking additional relief.*—Under a bill to quiet title as provided by statute, if the complainant seeks other than the statutory relief there must be other than the statutory averments in the bill, and such other averments must be appropriate to the additional relief sought.

3. *Statutory bill; what respondent may seek in his answer.*—While upon statutory bill to quiet title and statutory answer, the respondent is entitled only to an adjudication of title, yet being properly before the court under the act, he may seek affirmative relief by making his answer a cross-bill and setting forth therein the facts which entitle him to it.

4. *He who seeks equity must do equity; application of doctrine.* Where a bill brought under the statute to quiet title, seeks affirmative relief beyond the statutory relief, it is clear that whether the maxim that he who seeks equity must do equity applies to a bill strictly under the statute or not, that maxim would and does apply to such bill filed under the statute, but containing averments not required by the statute, and seeking relief dependent not on the statute but upon general principles of equity. Hence, a complainant who sets up that the defendant claims title through a void mortgage executed by him to complainant, and seeks injunctive relief against the mortgage, must offer to pay the amount advanced by the defendant and the legal interest thereon.

5. *Title; what is cloud on.*—A mortgage executed by a married woman which is void because the husband did not join, is a cloud on the title of the land mortgaged, where the mortgage does not show on its face that the mortgagor was a married woman.

   Query, whether a bill disclosing that respondent claims through a void mortgage and disclosing that complainant received money under it, but praying only the statutory relief there should be an offer to do equity; and whether the respondent upon a purely statutory bill may set up in his answer that his claim is a mortgage upon which the complainant received money and on this insist that complainant be denied relief unless he refund the amount received with legal interest. are questions not decided.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

The bill in this case was filed by appellee. It contains all the averments necessary under Code, § 809, *et seq.* It does not stop at that, however, but proceeds to aver the fact that appellee had executed and delivered to appellant a mortgage covering the lands described in the bill, and that the mortgage was void for the reason that appellee was a married woman and her husband did not join her in the execution of the mortgage in the manner required by the statute. The allegation is made that appellant is proceeding to foreclose the mortgage under a power of sale contained therein, and that unless appellant was restrained from selling said lands, it would proceed to sell the same under said void mortgage. No offer is made to pay any balance due on the mortgage, neither is it pretended that the mortgage has been paid. No reason is given for an injunction except that the mortgage is alleged to be void, yet an injunction was prayed for and obtained. These facts appear plainly in the original and amended bills. Appellant demurred to the original bill, and certain assignments of the same were sustained, whereupon appellee filed an amended bill, to which appellant re-assigned its demurrer with additional grounds, which was overruled by the court below, from which order this appeal was taken.

O. R. HOOD, for appellant.—A party who comes into a chancery court to ask equity must aver his readiness to

do equity to the party against whom he complains.  If he asks an injunction he must pay, or offer to pay, what he really owes, or show some sufficient excuse for his failure, otherwise his case can not be sustained.—10 Ency. of Pl. & Pr., 934; *Yonge v. Shepperd,* 44 Ala. 315; *Mooney v. Walter,* 69 Ala. 75; *Williams v. Troy,* 39 Ala. 118.

When it clearly appears, that if the sale is consummated, and a conveyance executed, no injury can result from it, because the conveyance can not be asserted to disturb the possession, or to affect the title of the party complaining, having the possession, the court would be idly employed in intervening to prevent the sale, of itself vain and nugatory.—*Caldwell v. Lawler,* 70 Ala. 295; *Crook v. Andrews,* 40 N. Y. 547; *Fernham v. Campbell,* 34 N. Y. 480; *Overing v. Foote,* 43 N. Y. 290; *Rea v. Longstreet,* 54 Ala. 291.

W. T. MURPHREE, *contra.*
No brief came to the reporter.

McCLELLAN, C. J.—Upon a bill filed under the act of December 10th, 1892, "To compel the determination of claims to real estate in certain cases and to quiet the title to the same"—now embraced in sections 809 to 813 of the Code—and containing only the averments necessary under that statute there can be no adjudication except as to whether the defendant "has any right, title or interest in, or claims upon such lands, or any part thereof, and what said right, title, interest or incumbrance is;" and upon such bill and the statutory answer thereto neither party is entitled to any final relief beyond a determination of the status of the title as between them. *Ward v. Janney & Cheney,* 104 Ala. 122; *Cheney, Trustee, v. Nathan,* 110 Ala. 254.

Such a bill need not disclose how, or in what way, or from what source the complainant became the owner of the land, nor describe the claim of the defendant, (Code, § 810) ; but such answer must "specify and set forth the title, claim, interest, or incumbrance," if any, claimed by the defendant.—Code, § 811.  If the complainant seeks other than the statutory relief, however, there must be

other than the statutory averments in the bill, and such other averments must be appropriate to the additional relief sought. Of course such averments need not of themselves be sufficient to present a case of equitable cognizance; but, the statutory averments bringing the cause within the grasp of the court, it will suffice if the further allegations are such as will enable the court not only to adjudge the status of the title but to decree full, complete and final relief to the complainant in the premises. And so on the part of the respondent: While upon statutory bill and statutory answer he is entitled only to an adjudication of title, yet being properly before the court under the act, he may seek affirmative relief by making his answer a cross-bill and setting forth therein the facts which entitle him to it.—*Cheney, Trustee, v. Nathan*, 110 Ala. 254, 265-6. And if the bill goes beyond the statutory requirements as to necessary allegations, and undertakes to describe the respondent's claim, and thereby discloses that such claim is a void mortgage given by complainant to secure a loan of money made by the respondent to him, that said mortgage contains a power of sale and that the respondent is proceeding under said power to advertise and sell the land, and the complainant upon these facts seeks the affirmative relief—other and beyond the statutory relief—of a final and perpetual injunction against a sale under the power, it is clear to us that, whether the maxim that he who seeks equity must do equity applies to a bill strictly under the statute or not, that maxim would and does apply to such bill filed under the statute but containing averments not required by the statute and seeking relief dependent not upon the statute but upon general principles of equity. It is upon these considerations that we rest our conclusion that those assignments of the demurrer going to the bill as a whole upon its failure to offer to pay the amount complainant had received on the mortgage with legal interest, and like assignments addressed to that part of the bill which showed the nature of respondent's claim should have been sustained.

It is not shown by the bill that the mortgage is void on its face: Its invalidity may rest entirely upon proof *aliunde* that the complainant was a married woman at

[Highland Avenue & Belt. Railroad Co. v. Robbins.]

the time of its execution in connection with the fact apparent on the paper that the husband did not join with her in its execution. It cannot be said, therefore, that the mortgage is not a cloud on her title, and that a further cloud would not be cast thereon by a sale and conveyance under the power of sale. It follows that the bill in so far as it seeks injunctive relief is not open to the objection taken by the demurrer that no cloud is cast upon complainant's title by the mortgage and that she cannot be prejudiced by such sale and conveyance.

Whether in a bill disclosing respondent's mortgage and the receipt of money under it by the complainant, but praying only the statutory relief, there should be an offer to do equity; and whether upon a purely statutory bill the respondent may set up in his answer that his claim is a mortgage upon which the complainant received money and on this insist that relief be denied complainant unless she refund the amount received with legal interest, are questions the decision of which is not necessary on this appeal, and they are not decided.

The decree of the city court overruling the demurrer to the bill as amended is reversed, and a decree will be here entered sustaining the demurrer and allowing complainant thirty days within which to amend her bill as she may be advised.

Reversed and rendered.