# Harrison *v.* Harrison *et al.*

### *Bill in Equity to remove Cloud from Title.*

1. *Bill to cancel deed on account of mental incapacity of grantor; burden of proof.*—Where a bill is filed to have a deed cancelled upon the ground that at the time of the execution thereof the grantor was mentally incapable of entering into a contract, the burden of proof is upon the complainant to overcome the legal presumption existing in favor of the sanity of the grantor, at least, by a preponderance of the evidence; and where this burden is not met, the complainant is not entitled to the relief prayed for.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellant, Kibble J. Harrison, against Elizabeth C. Harrison, Beatrice D. Harrison, Susan J. Harrison and others. It is averred in the bill that the complainant and the defendants are surviving children and only heirs at law of Elizabeth C. Harrison, deceased, who died testate on August 4, 1890. It was further averred that said Elizabeth C. Harrison, deceased, before her death, in the year 1888, executed her last will and testament, which was duly admitted to probate in the probate court of Madison county on January 17, 1891. Under the provisions of this will the deceased devised to the complainant certain specifically described tracts of land. It was then averred that subsequent to the execution of said will, the said Elizabeth C. Harrison, deceased, did, on June 5, 1890, execute a deed of conveyance to her daughters, Elizabeth C. Harrison and Beatrice D. Harrison, in which she conveyed or attempted to convey to said grantees the same tracts of land which were by the will devised to the complainant. It was then averred that at the date of the execution of said deed conveying said lands to Elizabeth C. and Beatrice D. Harrison, the grantor of said deed was mentally incapable of executing a valid deed; that by reason of sickness and infirmity, she was, at that time, in condition

[Harrison v. Harrison *et al.*]

of extreme mental weakness, and her mind was so impaired as to totally disqualify and incapacitate her from entering into a business transaction of any kind. It was further averred that while in such weak mental condition the grantees in said deed, together with the other children of the grantor, induced her to execute such deed by undue influence, deceit and fraud.

The prayer of the bill was that said deed should be cancelled as a cloud upon the complainant's title, and that the same be required to be surrendered, and that the title of the lands sought to be conveyed therein be decreed to be divested out of the grantees and invested in the complainant.

There was no evidence to support the averments of undue influence. There was evidence which showed that the deceased was, at the time of the execution of the deed, in the same mental condition as she was at the time of the execution of her last will and testament. The other facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

Upon the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayer for, and ordered the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

J. E. BROWN and MILTON HUMES, for appellant.

COOPER & FOSTER and BEN P. HUNT, *contra*, cited *Knox v. Knox,* 95 Ala. 495; *Roe v. Taylor*, 45 Ill. 490; *Eutis v. Montgomery,* 95 Ala. 486; *Amer. Bible Society v. Price,* 115 Ill. 623.

SHARPE, J.—In behalf of complainant numerous non-expert witnesses, including relatives, servants and other acquaintances of the late Elizabeth C. Harrison, have deposed to opinions respecting her mental condition about and before the time when she executed the deed here sought to be vacated. Most of those witnesses have in connection with their respective opinions stated as facts matters relating to Mrs. Harrison's conduct, which

[Harrison v. Harrison *et al.*]

under the usual rule, render such statements of opinion by non-experts competent evidence. Besides them, four physicians whose competency to testify as experts has not been questioned, and who have treated Mrs. Harrison professionally for various ailments, each express opinions as to her sanity at the time they treated her, and as to the probable existence of the same condition when the deed was made. The tendency of all this testimony for the complainant is to strongly support the theory of the bill that Mrs. Harrison, if not totally insane, had from physical disease and other causes, become mentally weak and disordered in a degree which rendered her wholly incapable of comprehending the propriety or consequences of the conveyance and which should render it void.

For the defendant, non-expert witnesses more numerous than those of the complainant, have deposed to opinions competent as evidence in connection with matters detailed as facts, to effect that Mrs. Harrison's mind was unimpaired, that she was intelligent and capable of understanding business affairs. All agree that she was subject to occasional nervous convulsions, and some say that these attacks were accompanied with delirium and loss of speech, but they further agree in testifying that except in those spells, which were of short duration, her mental condition was normal. Several of these witnesses were daughters of Mrs. Harrison, residing with her when she made the deed. Of the remainder, some were relatives, others were her intimate associates, two were physicians who had treated Mrs. Harrison professionally, and testified as experts, without objection as to their competency, one was the pastor of her church, who had visited her frequently, and another the attorney why, by her direction, prepared this deed. If the testimony of these witnesses for the defendant be accepted as true, Mrs. Harrison had full capacity to execute the conveyance in question, and it should be held valid since the averment of undue influence is unsupported.

Thus upon the single question presented by the appeal, the evidence adduced on one side conflicts with that on the other side so completely that an attempt to reconcile the testimony or to discuss it here in detail would be useless.

The expert testimony, if taken alone, would seem to preponderate in favor of the complainant, but this inequality is, we think, set off by the consideration that in the main the testimony favoring the grantor's sanity comes from witnesses who had best opportunities to observe her conduct and learn her true condition at the time she made the deed.

It is not to be overlooked that shortly before that time the complainant recognized his mother's contractual capacity by requesting her to convey the same land to his wife, and again shortly after she made the deed, by procuring her execution of a contract to sell other lands. Furthermore, by claiming through the last will of his mother, which is dated in 1888, the complainant impliedly repudiates some of the testimony given on his side to effect that she was demented at that date.

Conditions which are unnatural are generally improbable of existence, and upon that fact the law bases a presumption in favor of sanity. In view of the burden which rests upon the complainant to overcome that presumption by at least a preponderance of evidence, we think he has failed to establish his claim to relief.

Let the decree be affirmed at appellant's cost.