[Sloss-Sheffield Steel & Iron Co. v. The Board of Trustees of the
University of Alabama.]

130 403
132 625

# Sloss-Sheffield Steel & Iron Company v. The Board of Trustees of the University of Alabama.

*Bill in Equity for the determination of Claims to Land and to quiet Title, and for other Relief.*

1. *Bill to determine and quiet title; offer to do equity.*—A bill filed under the statute "to compel the determination of claims to real estate in certain cases, and to quiet the title to the same" (Code, §§ 809-813), need not offer to do equity.

2. *Same; same; motion to dismiss; demurrer.*—A bill containing the necessary allegations and prayer under the statute "to compel the determination of claims to real estate in certain cases and to quiet title to the same" (Code, §§ 809-813), and also additional averments and prayer for relief under the general principles of equity for the cancellation of instruments is not subject to a motion to dismiss for want of equity, because it fails to allege a return or an offer to return the consideration for the instrument sought to be cancelled; a demurrer being the appropriate method to reach such defect, if it be a defect, in the bill.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the Board of Trustees of the University of Alabama against the Sloss-Sheffield Steel & Iron Company, under the statute (Code, §§ 809-813) to compel the determination of the claim of said Sloss-Sheffield Steel & Iron Company to certain real estate which was described in the bill by the government survey. This litigation arose out of the attempted sale of 4,480 acres of the lands belonging to the University of Alabama. The bill charged that the sale was founded upon an illegal resolution purporting to have been passed at a called meeting of the Board of Trustees. The call for said alleged meeting was averred to be unauthorized, and the said resolution in-

valid for this and various other reasons specifically set
forth in the bill. ·

The bill alleged that the complainant was in peaceable
possession of the property in controversy, under claim
of ownership, and that the defendant claimed, or was re-
puted to claim some right, title or interest in, or en-
cumbrance upon said lands, and that no suit was pend-
ing to enforce or test the validity of such title, claim
or encumbrance. The prayer of the bill calls upon the
defendant to set forth and specify its title, claim, inter-
est or encumbrance, and how, and by what instrument
the same was derived and created.

There were additional allegations and appropriate
prayer seeking to bring the case within the influence
of the general jurisdiction of equity for the cancellation
of instruments, but in view of the opinion, a state-
ment of these allegations becomes unnecessary.

The cause was submitted upon a motion to dismiss
for want of equity, and a decree was rendered over-
ruling said motion.

From this decree the respondent appeals and assigns
the rendition thereof as error.

WALKER, TILLMAN, CAMPBELL & PORTER, for appel-
lant, filed a written argument, in which they insist
that the bill is without equity, in failing to allege a re-
turn, or an offer to return, the consideration received
for the instrument sought to be cancelled, citing the
following authorities: Neblett v. McFarland, 92 U. S.
103; Latham v. Hickey, 21 La. Ann. 425; Lee v. Taylor,
21 La. Ann. 514; Bell v. Craig, 52 Ala. 215; Goodman
v. Winter, 64 Ala. 410; Robertson v. Bradford, 73 Ala.
116; Coppedge v. Threadgill, 3 Snead, 577; Masson v.
Booct, 1 Denio 69; Evans v. Gayle, 17 N. H. 573; Fay
v. Oliver, 20 Vt. 118; Burton v. Stewart, 3 Wend. 236.

STERLING A. WOOD, PHARES COLEMAN and JAMES B.
HEAD, contra.—Upon a motion to dismiss for want of
equity all amendable defects are treated as if made.
Seals v. Robinson, 75 Ala. 363; Hooper v. S. & M. R. R.
Co., 69 Ala. 259; Harland v. Persons, 93 Ala. 273.

[Sloss-Sheffield Steel & Iron Co. v. The Board of Trustees of the University of Alabama.]

A bill containing all the averments necessary under the statute to settle claims to real estate is maintainable in equity.—Code, 1896, §§ 809-813; *Cheney v. Nathan*, 110 Ala. 254; *Adler v. Sullivan*, 115 Ala. 582; *Ward v. Janney*, 104 Ala. 122; *Parker v. Boutwell*, 119 Ala. 297; *Interstate B. & L. Assn. v. Stocks*, 27 So. Rep. 506; *Southmayd v. City of Elizabeth*, 29 N. J. Eq. 203.

A complaint, in a bill properly filed under the statute, which contains additional averments and asks for additional relief, may be entitled to the relief provided for in the statute, although the additional averments may not, of themselves, be sufficient to authorize additional relief.—*Chency v. Nathan*, 110 Ala. 254; *Interstate B. & L. Assn. v. Stocks*, 27 So. Rep. 507.

A complete submission to the jurisdiction of the court is a sufficient compliance with the rule requiring the complainant to do equity.—*New Eng. Mort. Security Co.*, 109 Ala. 148; *Allgood v. Bank of Piedmont*, 15 Ala. 523; *Bowen v. Watson*, 74 Ala. 323; *Branch Bank v. Strother*, 15 Ala. 51; *George v. New Eng. Mort. Sec. Co.*, 109 Ala. 148; *Algood v. Bank of Piedmont*, 115 Ala. 418.

McCLELLAN, C. J.—The Board of Trustees of the University of Alabama is complainant in this bill exhibited against the Sloss-Sheffield Steel & Iron Co. The bill contains every averment and the prayer necessary to present a case of equitable cognizance under the act of 1892 "to compel the determination of claims to real estate in certain cases, and to quiet title to the same," now embodied in sections 809 to 813 of the Code. It also contains other averments which, taken with those just adverted to, make a case for the removal of a cloud from complainant's title under general principles of equity jurisprudence, if in this latter aspect it is not insufficient in respect of offering to do equity; and there is a prayer for interlocutory injunctive relief, for the cancellation of a certain paper writing purporting to be a deed executed by complainant to respondent and for perpetuation of the injunction. These latter averments and the relief sought are beyond and cumulative upon the averments and relief necessary and ob-

tainable under a statutory bill. Thus going beyond the
statute in averment and seeking relief which it does not
warrant, the bill as a whole would be bad if it discloses
that complainant has received the consideration mention-
ed in the deed which it seeks to have cancelled as a cloud
on title, and fails to offer to do equity by refunding
what it has so received from respondent; and such a
defect in ordinary cases could be challenged by a motion
to dismiss for want of equity. But not so in respect of
a bill of the hybrid character of this one, resting
upon and making a case under the statute, and at the
same time going beyond the statute and attempting to
present a case on general equity principles, for it can-
not be at all said that such a bill contains no equity.
It could of course be amended by striking out all save
the statutory averments in which case it would not dis-
close any occasion for an offer to do equity and would,
therefore, not be objectionable even on demurrer for the
absence of such offer. Or left to stand as it is, it would,
and does, embody all the facts and the prayer upon
which the statutory equity rests and is grantable; and
in its present form, assuming that it should offer to
do equity and does not, the defect cannot be reached by
a motion to dismiss for the want of equity, for it clearly
has the statutory equity, but by a demurrer going to
its sufficiency considered as a bill for relief over and
above and beyond that complainant would be entitled to
under the statute.—*Inter-State Building & Loan Asso-
ciation v. Stocks,* 124 Ala. 109, and see also *Ward v.
Janney & Cheney,* 104 Ala. 122; *Chency, Trustee, v.
Nathan,* 110 Ala. 254.

We are, therefore, of the opinion that the chancellor
properly overruled the motion to dismiss the bill for
want of equity. We do not consider whether the bill
as it now stands is demurrable for its pretermission of
an offer to pay back the money paid by the respondent,
nor whether, if the bill were amended so as to contain
only the statutory averments, thus eliminating all ref-
erence to the payment of money by respondent, the
latter could by answer or cross-bill present the facts
in that connection and have the relief sought by com-

plainant conditioned upon the refunding of the money
paid by respondent.

Affirmed.