# Douglass *v.* Standard Real Estate Loan Co., *et al.*

### Bill to Declare a Mortgage a Cloud Upon Title.

(Decided November 7, 1914.  66 South. 614.)

1. *Contracts; Invalidity; Enforcement.*—While a void thing is no thing, contracts which are void because offensive to the policy of the state, and not because they are immoral, may be enforced in courts of law, in many instances, because of the inability of the party affected to plead their invalidity.

2. *Cancellation of Instrument; Right to; Offer to do Equity.*— Although a mortgage was void and unenforceable because given to secure a loan made by a foreign corporation which had not complied with those provisions of our statute authorizing them to do business within the state, yet the mortgagor is not entitled to aid of a court of equity to cancel the mortgage as a cloud upon his title unless he offers to do equity and pay the debt honestly due.

APPEAL from Franklin Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by W. A. Douglass against the Standard Real Estate Loan Company and others, to cancel a mortgage as a cloud upon title. From a decree sustaining demurrer to the bill, complainant appeals. Affirmed.

TRAVIS WILLIAMS, for appellant.

MITCHELL & HUGHSTON, for appellee.

DE GRAFFENRIED, J.—W. A. Douglass, the complainant, borrowed some money from the respondent, the Standard Real Estate Loan Company. Evidencing the debt thus created, Douglass made notes to the Standard Real Estate Loan Company, and, to secure their payment, executed and delivered to said company a mortgage upon certain real estate. This bill was filed by Douglass against the said real estate company,

and prays that said mortgage be canceled as a cloud upon the title of said Douglass, for that the real estate company, when it made the loan and took the mortgage, was a foreign corporation engaged in business in Alabama, and had not complied with the laws of Alabama in respect to doing business in the state. Says appellant, in substance, in his brief:

"This action is based on the noncompliance of appellee with sections 3651, 3652, and 3653, of the Code of Alabama of 1907. If, as alleged, appellee, a loan company, was a nonresident corporation and the transaction was in Alabama, and the loan company, in making the loan and accepting the mortgage, was doing some of the things authorized by its charter, and if it had not then complied with the above sections of the Code and thus qualified itself to do business in Alabama, then the mortgage, under the provisions of the above sections of the Code, is without force and effect, and is absolutely, from the beginning, null and void."

This quotation gives the idea which dominated appellant in filing this bill, and we quote it for the purpose of plainly showing his views of the rules which should govern this court in this case.

We are willing to agree with appellant in the general statement which we find in his brief that a *void* thing is *no* thing. This court has, however, often pointed out the fact that contracts which are void, not because they are *immoral* or *evil* in themselves, but because they are *offensive* to the *policy* of the state which a *statute* establishes, may, in many instances, be enforced *even in courts of law,* because of the inability of the party affected to plead their invalidity.—*Ex parte Banks,* 185 Ala. 275, 64 South. 74.

In so far as the equities of the present bill are concerned, we make the broad statement that when a par-

[Douglass v. Standard Real Estate Loan Co., et al.]

ty to a contract *void* merely because violative of some statute of a state files a bill in equity to cancel such contract, he must come into that court with clean hands, and to obtain equitable relief must offer, and be ready and willing, to do equity.—*George et al. v. New England Mortgage Sec. Co.,* 109 Ala. 548, 20 South. 331; *Mitchell v. Baldwin,* 154 Ala. 346, 45 South. 715.

The above rule has, of course, nothing to do with the rules of law which, in this state, govern the alienation of the homestead or the manner in which liens or charges upon the homestead may be created. A right to claim a homestead exemption is a *personal privilege* which can be waived only in the way provided by our Constitution and statutes. Neither has it anything to do with reference to the formalities which statutes require to be observed in the proper execution of other instruments. A paper purporting to be a will is not effective as a written will unless there are two witnesses to it. Our statute requires all written wills to be so attested. Such a paper cannot, not so attested, therefore, be probated as a written will. A conveyance of land not witnessed or acknowledged in the manner required by law is not a deed. Such instruments may, in many instances, be upheld as contracts to convey, but they cannot be upheld as contracts to convey homesteads because the statute provides the only method for the alienation or incumbrancing of a homestead. Where a paper purporting to be a conveyance or a mortgage is not executed in substantial compliance with the laws governing its execution, it is no paper, and can evidence nothing, unless, indeed, it evidences an unexecuted contract to convey or to mortgage. These rules, as already stated, grow out of the formalities which the law requires to be observed in the exe-

15—189

cution of instruments, and have absolutely no bearing on the question in hand.

(3) The bill of complaint in this case was therefore subject to the demurrer which the respondent interposed to it.—Sims' Chancery Prac. §§ 292, 293; *Sloss-Sheffield S. & I. Co. v. Board of Trustees of the University of Alabama*, 130 Ala. 403, 30 South. 433.

While this bill is filed under our statutes providing a remedy for quieting title to land (see chapter 127, Code of 1907) in this proceeding the complainant, in the absence of an offer to do equity in the bill, can obtain no relief against the mortgage described in the bill. If the mortgage is offensive to our statutes, which require foreign corporations to obtain permits to do business in the state (see sections 3651 and 3652 of the Code), and is therefore void (see section 3653 of the Code) neither party to this cause, in the absence of an offer to do equity in the bill, is in a position to obtain any equitable relief in this case in so far as the mortgage and the indebtedness secured by the mortgage is concerned. So far as *that* matter is concerned, a court of equity will simply let the parties alone, as neither is in a position, as against the other, to invoke the jurisdiction of a court of conscience. Indeed, a candid consideration of the entire bill convinces us that, while the complainant filed this bill to quiet title to land under the provisions of article 127 of the Code of 1907, his only purpose in filing the bill was to obtain a cancellation of the mortgage described in the bill, without first paying the money which honestly and in good conscience is due the appellee with the interest thereon. In fact the brief of appellee shows this to true, and this a court of equity will not do for him in any proceeding which is initiated by him.

[Jackson v. Johnson, et al.]

The decree of the chancellor was in accordance with the above views, and his decree is therefore affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.