[Coburn, et al. v. Coke, et al ]

# Coburn, *et al. v.* Coke, *et al.*

### *Bill to Quiet Title.*

(Decided June 18, 1915. Rehearing denied July 2, 1915.
69 South. 574.)

1. *Corporations; Foreign; Engaging in Business.*—Although there be but a single transaction, yet the loaning of money by a foreign corporation and securing its payment by mortgage on real estate is engaging in business in this state within the statute prohibiting foreign corporations from doing so.

2. *Equity; Maxims.*—The meaning of the maxim, "He who seeks equity must do equity," is that whatever be the nature of the controversy, and whatever the nature of the remedy demanded, the court will not confer equitable relief upon the party seeking its aid, unless he acknowledges, or will admit and provide for all the equitable rights and demands justly belonging to the other party, growing out of or necessarily involved in the subject matter of the controversy.

3. *Same.*—Such a maxim applies whether complainant be an adult or an infant, since an infant has no more right than an adult to seek relief from the acts of others, and at the same time hold the benefit.

4. *Quieting Title; Bill; Offer to do Equity.*—Where complainant had borrowed money from a foreign corporation and secured it by mortgage, and such corporations had failed to comply with the law authorizing it to do business in this state, such complainant filing a bill to quiet title, will not be granted relief, and on failure to amend the bill by offering to do equity in returning the consideration received, the bill will be dismissed.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Ella Coburn and others against Rosser J. Coke as trustee and others, to quiet title to land. From a decree denying relief and dismissing the bill complainants appeal. Affirmed.

ASHCRAFT & BRADSHAW, for appellant.

MITCHELL & HUGHSTON, for appellee.

THOMAS, J.—This appeal presents the question whether a mortgagor, a citizen of this state, can obtain a loan from a foreign corporation that has not complied with the law authorizing such corporation to do business in the state, and then maintain a bill to cancel the mortgage, on the ground that the same is void, without offering to do equity by a return of the money received. Will a bill to quiet title under sections 5443-5449 of the Code of 1907, in such a case, relieve the mortgagor of the requirement to do equity by restoring the money secured by the mortgage?

The bill alleges that appellants are in the peaceable possession of the real estate described, claiming to own the same in their own right, and that appellees are reputed to hold a lien or incumbrance thereon, that no suit is pending to enforce or test the validity of such incumbrance, and that this suit is brought to settle the title to the lands and to clear all doubts and disputes concerning the same; and it calls upon the defendant (appellees here) to "set forth and specify their reputed lien and incumbrance upon said lands, and how and by what instrument the same is derived and created." Appellee trustee, as respondent in the court below filed his plea as follows: "And now comes defendant, Rosser J. Coke, as trustee of the bankrupt estate of Standard Real Estate Loan Company, and by protestation, and not confessing any of the matters in the plaintiff's bill to be true in such manner and form as the same are therein set forth, does plead thereto, and for plea says that defendant is the owner of an unpaid mortgage or deed of trust executed by complainants to the Standard Guarantee & Trust Company, S. L. Harris, trustee, on March 5, 1905, covering lands described in the bill. A certified copy of said mortgage

or deed of trust is hereto attached as 'Exhibit A' and made a part of this plea, upon which mortgage or deed of trust complainants received a money loan, against which complainants are not entitled to the equitable relief sought, without an offer to do equity by submitting themselves to the jurisdiction of the court in an offer to pay such amount as the court shall ascertain to be due upon said mortgage or deed of trust. All of which matters this defendant avers to be true and pleads the same to the whole bill, and demands the judgment of this honorable court whether he ought to answer the said bill of complaint, and prays to be hence dismissed with his reasonable costs in this behalf sustained."

Said appellee filed, in addition to said plea, a demurrer to the bill, for that the bill is without equity and fails to offer to do equity, and then by answer sets up the mortgage executed by appellants on March 4, 1915, for $1,008.66 and interest thereon, payable as therein indicated to the Standard Guarantee & Trust Company, a corporation of Washington, D. C., and S. L. Harris, trustee, secured by the lands described in the bill, providing for foreclosure in event of default, etc., and duly recorded in the probate office of the county where the land is situated; that the grantee in said mortgage became a bankrupt, and appellee was duly appointed by the federal court of the Northern district of Texas as trustee of the bankrupt estate of the said mortgagee; and that the mortgage was in his possession and unpaid at the time of his plea and answer in said cause.

(1) The testimony shows clearly that at the time the loan was negotiated and the money received the transaction was an Alabama contract. The loaning of

the money and securing its payment by mortgage on
real estate is engaging in business in the state, within
the meaning of this statute, although there be but a
single transaction.—*State v. Bristol Bank,* 108 Ala. 3,
18 South. 533, 54 Am. St. Rep. 1441; *Dundee Mortgage
Co. v. Nixon,* 95 Ala. 318, 10 South. 311. At said time
the mortgage was executed and the loan was made the
mortgagee had not filed in the office of the secretary
of state an instrument in writing, under seal of the cor-
poration and signed officially by its president and its
secretary, designating at least one known place of bus-
iness in this state, and an authorized agent or agents
thereat, as required by section 1316 and 1317, article
16, Code of 1896, the statutes of force where the loan
was made and the mortgage was executed.

(2)    The equitable doctrine having application in
this case is expressed in the maxim, "He who seeks equi-
ty must do equity." The meaning of this expression
is that whatever be the nature of the controversy be-
tween the parties, and whatever be the nature of the
remedy demanded, the court will not confer its equi-
table relief upon the party seeking its interposition and
aid, unless he acknowledges or concedes, or will ad-
mit and provide for, all the equitable rights, claims,
and demands justly belonging to the adversary party,
growing out of, or necessarily involved in, the subject-
matter of the controversy. The court will give the
plaintiff the relief to which he is entitled only on con-
dition that he has given or consents to give the de-
fendant such corresponding rights as he may be enti-
tled to in respect of the subject-matter—1 Pom. Eq.
(3d Ed.) § 385; 1 Dan. Ch. Pr. § 441; 1 Story, Eq. §
301; *Sloss-Sheffield Co. v. Trustees of University,* 130
Ala. 403, 30 South. 433; *Garland v. Watson,* 74 Ala.

323; *Smith v. Conner,* 65 Ala. 371; *Rogers v. Torbut,* 58 Ala. 523; *Eslava v. Elmore,* 50 Ala. 587; *Branch Bank v. Strother,* 15 Ala. 51, 61; *Hooper v. Cent. Trust Co.,* 81 Md. 559, 578, 32 Atl. 505, 29 L. R. A. 262; *Walsh v. Braman,* 160 Ill. 415, 423, 43 N. E. 597; *C. & W. Ry. Co. v. Hughes,* 105, Ga. 1, 30 S. E. 972, 70 Am. St. Rep. 17; *Compton v. Jessup, et al.,* 68 Fed. 263, 15 C. C. A. 397; *Mack v. Hill,* 28 Mont. 99, 72 Pac. 307. This principle has been adhered to by this court, and given application in cases, where complainants sought equitable relief from mortgages alleged to be void under facts as alleged and shown in this case.—*Douglass v. Standard Real Estate Loan Co.,* 189 Ala. 223, 66 South 614; *Mitchell v. Baldwin,* 154 Ala. 351, 45 South. 715; *Marx v. Clisby,* 130 Ala. 502, 30 South. 517; *George v. Mortgage Co.,* 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58; *Security Co. v. Powell,* 97 Ala. 483, 12 South. 55; *Mortgage Co. v. Sewell,* 92 Ala. 163, 9 South. 143, 13 L. R. A. 299.

(3) This rule of equitable estoppel is given application whether the plaintiff be adult or infant (*Marx v. Clisby, supra*), for the infant has no more right than an adult to seek relief from the acts of others and at the same time hold the benefits of them.—(*Hobbs v. N. Y. C. & St. L. Ry.,* 122 Ala 602, 26 South. 139, 82 Am. St. Rep. 103; *Robertson v. Bradford,* 73 Ala. 116; *Goodman v. Winter,* 64 Ala. 410, 38 Am. Rep. 13).

(4) The appellants will not be permitted to do by indirection what a court of equity would not permit them to do on their application for affirmative or direct relief. The provisions of the chapter of the Code of 1907 for quieting title cannot be the means of affording equitable relief to one who has avoided or declined to do equity. The true interpretation of the stat-

[Hibler, et al. v. Oliver, et al.]

ute authorizes the appellees to set up their claim or ti-
tle to the lands in question, or to the lien or incum-
brance thereon, and by appropriate pleading present
the lack of good morals on the part of the appellants.
Complainants failing to amend by offering to do equi-
ty, the bill will be dismissed.—*Sloss-Sheffield Steel &
Iron Co. v. Board of Trustees,* 130 Ala. 403, South. 433;
*Ward v. Janney,* 104 Ala. 122, 16 South. 73; *Cheney,
Trustee, v. Nathan,* 110 Ala. 254, 20 South. 99, 55 Am.
St. Rep. 26; *Douglass v. Standard Real Estate Loan
Co., supra; Fowler v. Ala. Iron & Steel Co.,* 154 Ala.
497, 45 South. 635; Sims' Ch. Pr. §§ 292, 293.

The decree of the chancellor was in accordance with
this view, and it is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ.,
concur.