(78 South. 69)

BLAIR et al. v. JONES et al. (4 Div. 760.)

(Supreme Court of Alabama. Feb. 14, 1918.)

1. EQUITY ☞427(1)—DECREE—PLEADING—MULTIFARIOUSNESS.

Where there is no demurrer to a bill, the court should grant such relief as justice and equity may require, although the bill is multifarious, under Code 1907, § 3212.

2. APPEAL AND ERROR ☞931(1)—REVIEW—PRESUMPTIONS—EQUITY CASES.

In equity cases where there was no testimony taken orally in open court, no presumptions are indulged as to findings of fact on which a decree is based, under Code 1907, § 5955, subd. 1; Gen. Acts 1915, p. 705.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. MORTGAGES ⬰86(1) — LACK OF MENTAL CAPACITY—BURDEN OF PROOF.

One seeking cancellation of a mortgage on the ground of mental incapacity has the burden of showing such incapacity by a preponderance of the evidence, as every one is presumed to be sane.

4. CANCELLATION OF INSTRUMENTS ⬰13— GROUNDS—MORTGAGE—EXCESSIVENESS.

A mortgage given for services cannot be canceled on the ground that the mortgagee, who filled in the amount of the mortgage, made it for more than he should, as that can be adjusted on foreclosure proceedings.

5. CANCELLATION OF INSTRUMENTS ⬰43— —ACTION FOR—ISSUES.

In action to cancel mortgage given to secure payment for legal services and payment of certain amount to a divorced wife, on the ground of mental incapacity, it is not pertinent to the proceeding that the wife has not received the amount due her.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Bill by Sallie Blair and others against Louvenia Jones and others to cancel a mortgage. Decree for defendants, and plaintiffs appeal. Affirmed.

C. C. Brannen, of Troy, for appellants. A. G. Seay, of Troy, for appellees.

THOMAS, J. [1, 2] The bill was submitted for final decree without being tested by demurrer. Under the pleading and the proof it is the duty of the court to grant such relief as justice and equity may require. Code, § 3212; Stewart v. Snider, 197 Ala. 129, 72 South. 409; Zadek v. Burnett, 176 Ala. 80, 57 South. 447; Teal v. Pleasant Grove Local Union, 200 Ala. 23, 75 South. 335, 337.

It is not necessary that we decide whether the bill was multifarious, no demurrer having been interposed on that ground. Hitt Lumber Co. v. Cullman Property Co., 189 Ala. 13, 66 South. 720; Smith v. Young, 173 Ala. 190, 55 South. 425; Henry v. Tennessee Live Stock Co., 164 Ala. 376, 50 South. 1029; Ford v. Borders et al., 75 South. 398;[1] Cullman Property Co. v. Hitt Lumber Co., 77 South. 574.[2] The testimony not having been taken orally in open court, no presumptions are indulged as to the findings of fact on which the decree is based. Andrews v. Grey, 199 Ala. 152, 74 South. 62; Code, § 5955, subhead 1; Gen. Acts 1915, p. 705.

The question for decision, as stated by appellants' counsel, is, the correctness of the court's decree "only as to the failure to cancel the mortgage," that given June 16, 1915, by Pete and Sallie Blair to A. G. Seay. The grounds on which the mortgage is attacked, and which we will consider, are: (1) That the grantor, Pete Blair, was of unsound mind at the time of the execution of the mortgage; (2) that there was no consideration for the mortgage.

[3] The burden of proving the material averments of a bill rests on the complainant. City of Mobile v. Chapman, 79 South. 566. "Reason, being the common gift to man, rais-

es the general presumption that every man is in a state of sanity, and that insanity ought to be proved, and in favor of liberty and of that dominion which, by the law of nature, men are entitled to exercise over their own persons and properties. It is a presumption of the law * * * that every person who has attained the usual age of discretion is of sound mind until the contrary is proved." Eastis v. Montgomery, 95 Ala. 486, 11 South. 204, 36 Am. St. Rep. 227; Cotton v. Ulmer, 45 Ala. 378, 397, 6 Am. Rep. 703; Shelford's Law of Lunatics (London) pp. 37, 38; 1 Hale's P. C. 33.

This burden of proof resting on a complainant praying cancellation of a conveyance as a cloud on title on the ground of mental incapacity of the grantor at the time of the execution is to show, by a preponderance of the evidence, the fact of the mental incompetency alleged. Where there were many witnesses and conflicting testimony as to the grantor's sanity at the time of the execution of the deed, this court has refused to disturb a decree dismissing the bill. Harrison v. Harrison et al., 126 Ala. 323, 28 South. 586.

There is much and conflicting evidence as to the mental incapacity of Pete Blair to transact the business incident thereto, when he executed the mortgage in question. However, indulging the presumptions of his sanity, under this evidence we cannot say that his mental incapacity has been proven by "clear and unexceptionable evidence" (Cotton v. Ulmer, supra); that is, by a preponderance of the evidence (Harrison v. Harrison, supra).

[4] It has been held that the fact that a conveyance may be vacated upon the ground, as for example, of the insanity of the grantor, or that of failure of statutory compliance, does not, of itself and apart from all other considerations, relieve the complainant seeking annulment, from offering to do equity. Mitchell v. Baldwin, 154 Ala. 346, 45 South. 715; Thomas v. Holden, 191 Ala. 142, 67 South. 992; Douglass v. Standard Co., 189 Ala. 223, 66 South. 614; Coburn v. Coke, 193 Ala. 364, 69 South. 574; Code 1907, §§ 3347, 3348.

The professional services of the mortgagee, as attorney, admittedly resulted in benefit to Pete Blair, and, in view of his immediate death, to his children. The value of those services is not here to be ascertained; but, as stated by the chancellor, the amount of the actual expenses or obligations incurred by the mortgagee for the mortgagor is a pertinent inquiry on foreclosure or redemption. It is sufficient to say, in this connection, that the attorney prosecuted the divorce proceeding to the desired decree, and that the decree rendered was pursuant to the pleadings and the proof then before the chancellor. The finding of the chancellor in the instant case, as to the decree for divorce, is not now questioned by the argument of counsel. If the

⬰For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 200 Ala. 70.    [2] Ante, p. 150.

value of the attorney's professional services rendered the mortgagor in that case was fixed by the attorney in his mortgage without consultation with the mortgagor, and was unreasonable, that matter may be the subject of further inquiry as indicated.

[5] It is not now pertinent whether Sallie Blair has received the $125 from her former husband's estate, secured to her by the mortgage in question. If the mortgagee has not paid to her the $125, and this failure is established in an appropriate proceeding to ascertain the amount due on the mortgage, the consideration of the mortgage will be reduced by the sum so in default. Likewise, the compensation which she may be or is justly due her attorney is not of moment.

The interest of the infant, James Blair, as such minor child of Pete Blair, deceased, is provided for and secured by statute. That interest, however, is subject to the just and true consideration of appellee's mortgage.

The decree of the circuit court, sitting in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.