## MILTON J. DANIELS vs. SAMUEL WILSON

### May 14, 1875.

Interest—Usury—Agreement to pay for Past Use of Money.—A contract to make up the amount of interest which, at the time of the execution of the contract, had accrued on a certain prior indebtedness, at the stipulated rate of twelve per cent., to such an amount as would have accrued thereon at some rate higher than twelve per cent., is not a contract to pay interest, and therefore not invalid under the statute, as stipulating for interest in excess of twelve per cent.

Promissory Note—Want of Consideration—Amount Recoverable by Bona Fide Holder.—Where the infirmity of a promissory note is simply a want of consideration, an indorsee for value before maturity, without notice of any infirmity, is entitled to recover the full amount of the note according to its tenor, notwithstanding he purchased the same for less than its face.

Action on a promissory note for $280.79, bearing date June 1, 1870, made by defendant, and payable one year after date to Tunis S. Slingerland, or bearer, with interest at twelve per cent. per annum from date until paid. Defence, that the note was given without consideration, and was given in contravention of the statute against usury. At the trial in the district court for Olmsted county, before *Mitchell*, J., it appeared that plaintiff bought the note of Slingerland on May 9, 1874, paying him therefor $150, and that the plaintiff bought and paid for the note in due course of business, and without knowledge of the consideration for which it was given. The defendant then introduced evidence tending to prove that Slingerland, the payee, held a mortgage upon defendant's farm, bearing interest at twelve per cent per annum, which he threatened to foreclose ; that on account of this threatening, the note in suit was given by defendant to Slingerland, "for extra interest on this $2,000 mortgage, above twelve per cent. ;" that the amount of this note was never indorsed upon the mortgage, or credited or applied on the mortgage debt, and that there was no other consideration for the note. At the close of the evidence, the judge directed a verdict for plaintiff, for the amount claimed in the complaint, to which ruling the defendant excepted. The jury brought in a verdict for plaintiff, for $424.40, judgment was entered thereon, and defendant appealed.

*Lloyd Barber*, for appellant.

*Chas. C. Willson*, for respondent.

BERRY, J. This is an action upon a promissory note made by defendant to one Slingerland, on June 1, 1870, and by Slingerland sold, indorsed and delivered to plaintiff, in " due course of business," before maturity, for consideration of one hundred and fifty dollars. The amount of the principal and accrued interest of the note, at the time of its sale and indorsement, was a little over three hundred dollars. When plaintiff purchased the note, he had no knowledge of the nature of its consideration. The defence was that the note

was executed solely as evidence of an agreement to pay interest in excess of twelve per cent., and that it was therefore void, under § 1, ch. 23, Gen. Stat., which provides that "no contract for a greater rate of interest than twelve dollars upon one hundred dollars for a year, shall be valid for the excess of interest over twelve per cent."

Upon careful consideration of the pleadings and the testimony reported, we have come to the conclusion that the only contract which there is anything in the case tending to establish, is a contract to make up the amount of interest which, at the time of the execution of the note, had accrued on certain prior indebtedness of defendant, at the stipulated rate of twelve per cent., to such an amount as would have accrued thereon at some rate higher than twelve per cent. A contract to pay interest is a contract to pay a compensation for the *future* use of money. The contract in this case was a contract to pay a compensation for the *past* use of money, and therefore not a contract to pay interest, in any proper or legal sense, or within the meaning of the statute. It follows that the contract was not invalid under the statute, as stipulating for *interest* in excess of twelve per cent.

But the evidence in this case tending to show that the contract was of the character above ascribed to it, and that it was without consideration, the want of consideration furnished a good defence to the note in suit as against the payee.

The familiar general rule is that an indorsee of negotiable paper, for value, before maturity, without notice of any infirmity, takes it clear of all equities and defences between antecedent parties, and is of course entitled to recover the full amount of the same, according to its tenor. When the original consideration of the paper is illegal or fraudulent, or it is taken as collateral security, and perhaps in some other instances, an exception to this rule has been recognized, so as to restrict the right of recovery to the consideration actually paid by the indorsee, or to the amount of the debt to which the paper is collateral. The defendant contends for

a like exception in this case, in which it appears that the note was without consideration, and that the plaintiff purchased it for less than its face. But in our opinion, no such exception is admissible upon principle, and after considerable research we find no well considered authority in support of it. The general rule which gives credit and currency to commercial paper is one of very great importance, and must not be interfered with to meet cases of individual hardship. Judgment affirmed.