# Glidden *v.* Street.

### Action of Trespass Quare Clausum Fregit.

1. *Trespass quare clausum fregit; damages do not bear interest.*—The
damages assessed in an action of trespass *quare clausum fregit*, do not
bear interest until after they have been ascertained by verdict and
merged in judgment.

2. *Same; interest thereon, when separately ascertained by verdict, should
be rejected as surplusage.*—Where the verdict of the jury in an action of
trespass *quare clausum fregit*, was in these words: "We, the jury, find
for the plaintiff and assess damages at $18.75, with interest from 4th day
of February, 1874," *held*, that all that was said therein in reference to
interest should have been stricken out as surplusage, and judgment
rendered for the sum ascertained as damages.

3. *When this court will reverse and render.*—In such case this court
will reverse the judgment of the lower court, and will here render judg-
ment for the damages assessed by the jury.

APPEAL from Talladega Circuit Court.

Tried before Hon. LEROY F. BOX.

This was an action of trespass *quare clausum fregit* brought

[Glidden v. Street.]

by the appellee against the appellant; was commenced on 4th February, 1874, and was tried on the 21st January, 1881. The jury returned a verdict for the appellee, which, as appears from the judgment entry, is in these words: "We, the jury, find for the plaintiff and assess damages at $18.75, with interest from the 4th day of February, 1874." The judgment entry then shows, that the clerk, under the direction of the court, computed the interest from 4th February, 1874, to the day of trial, and ascertained the amount to be $10.43; and thereupon judgment was entered in favor of the appellee for $29.18. On a subsequent day of the term, the appellant moved the court to amend the judgment by striking therefrom the interest on the damages assessed by the jury. The court overruled this motion, and the appellant excepted.

The judgment rendered and the ruling of the court on the motion to amend, are here assigned as error.

BRADFORD & BISHOP, for appellant.

JNO. T. HEFLIN, contra.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The judgment of the Circuit Court must be reversed, and here corrected, upon the authority of *Jean v. Sandiford*, 39 Ala. 317. The damages assessed in an action *quare clausum fregit* do not bear interest until after they have been ascertained by verdict and judgment. Then the judgment, a merger of the damages, will bear interest from the day of its rendition. The verdict here ascertained a particular sum as the amount of the damages the plaintiff had suffered from the trespass. All that is said in reference to interest should have been rejected as surplusage, and judgment rendered for the sum ascertained as damages. The judgment is reversed and a judgment here rendered, that the plaintiff, Andrew J. Street, have and recover of the defendant, Stephen S. Glidden, the sum of eighteen dollars and seventy five cents, the damages assessed by the jury, together with the costs of suit in the Circuit Court. The costs of the appeal must be paid by the appellee.