# Zadek, *et al. v.* Burnett, *et al.*

*Bill for an Accounting and for Cancellation of Mortgage.*

(Decided January 11, 1912.   57 South. 447.)

1. *Mortgages; Redemption; Parties.*—A widow and heirs of a mortgagor of chattels are jointly interested in the property covered by the mortgages, and are the proper parties complainant to a bill for an accounting and redemption whether any of the property in question is subject to administration or not.

2. *Same; Findings; Credit.*—Where it appeared that the mortgagee had given a receipt showing four bales of cotton $196.00, less storage $20.00, etc., and the net credit footed up was $190.00, it is patent

[Zadek, et al. v. Burnett, et al.]

that the charge for storage, etc., was erroneous, and the mortgage was properly credited with $190.00.

3. *Same; Expenses.*—The rule that a chattel mortgagee in possession is to be credited with all reasonable and actual expenses incurred in caring for the property, upon an accounting, applies only where the mortgagee holds possession as bailee for the mortgagor, and not where he assumes to hold in his own right for his own use.

4. *Same; Expenses of Holding for Seizure and Sale.*—A mortgagee seizing mortgaged live stock for sale under the powers in the mortgage is entitled to reasonable expenses incurred by him in the care and maintenance of the stock prior to the sale, and it is his duty to sell as expeditiously as is reasonably possible, and to limit the rate of maintenance to the best of his ability.

5. *Same; Burden of Proof.*—The rejection of an item of $40.00 for stable bills, feed, etc., for one horse will not be disturbed where the mortgagee offered no evidence to sustain the burden of proof that such expenses were necessarily or reasonably incurred.

6. *Same; Foreclosure by Sale; Credit.*—A mortgagee of chattels who sells at private sale under the power contained in the mortgage is accountable for at least the reasonable value of the property regardless of the price actually received by him.

7. *Equity; Multifariousness; Joinder.*—Where all the complainants have a joint interest or community of interests in the mortgaged property, a joinder by them in a bill for an accounting and redemption against the mortgagee does not render the bill multifarious.

8. *Same; Joint Bill Without Joint Interest; Dismissal.*—Where several complainants filed a bill jointly and make no case for joint relief, the bill should be dismissed. (Now qualified by § 3212, Code 1907.)

9. *Same; Joint Bill; Relief.*—Where a bill against a mortgagee of chattels for an accounting and redemption, together with the pleadings and proof shows that all the complainants are entitled to the relief prayed for, the court has the power to adjust the rights of individuals and to grant individual relief also, where such right grew out of and are inseparably connected with the main subject matter of the bill, as to which common relief may be and is granted.

10. *Usury; Sufficiency of Evidence.*—The evidence examined and held sufficient to support a finding that certain balances carried forward included usurious interest.

11. *Same; Necessity of Pleading.*—The rule that where usurious interest is embodied in the contract for the payment of money, the debtor, whether he is attacking or defending on that ground, must distinctly set forth facts showing usury and specify the items infected thereby, is without application where, without any agreement, usurious interest is added to an account; especially where it does not appear that complainants had any knowledge thereof, or made any payments with respect thereto.

12. *Interest; How Computed.*—Where the cash items were small in amount, and were mixed indistinguishably with merchandise charges, and carried into a general balance at the end of each year, the same as the merchandise items, and no claim or charge for in-

terest was made by the mortgagee, except on the annual balances, interest was properly disallowed on such cash items, except as included in the general annual balance.

13. *Equity; Finding of Register; Review.*—The finding by a register in an action for an accounting as to the value of a horse, based upon conflicting evidence, is conclusive on appeal.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by Hattie Burnett and others, against S. Zadek and others, for an accounting and redemption, or the cancellation of certain mortgages. Decree for complainants and respondents appeal. Affirmed.

W. A. GUNTER, W. M. BLAKEY, and W. C. McGUIRE, for appellants. Counsel discuss the errors assigned as to exceptions noted to the finding of the Register on the facts, but without citation of authority. They insist, however, that the demurrers should have been sustained to the bill because of multifariousness in the joining of parties complainant, and that the court erred in the rendition of the decree in favor of one complainant.—*Davis v. Williams,* 130 Ala. 539; *Larkin v. Mason,* 71 Ala. 231; *James v. James,* 55 Ala. 525; *Wilkins v. Judge,* 14 Ala. 135. The widow was the only necessary party.—Sec. 4203, Code 1907.

L. A. SANDERSON, for appellee. There was no error in not calculating interest on the separate cash items as the register calculated interest on the general balance.—*Prestidge v. Erwin,* 46 Ala. 653; *Moore v. Patton,* 2 Port. 461. Unless the contrary intention is expressed, notes and mortgages bear interest only after maturity.— 3 Mayf. 1114. Counsel discusses other matters complained of as to the statement of the account, but without further citation of authority. It is insisted that complainants had the right to have the whole matter de-

termined in this cause as the same property was in-
volved in each instance.—*M. & C. P. R. R. Co. v. Tall-
man,* 15 Ala. 572; *Juzan v. Toulman,* 9 Ala. 662; *Larkin
v. Biddle,* 21 Ala. 252.

SOMERVILLE, J.—The bill of complaint was filed
by the appellees, who are the widow and minor children
of one Jim Burnett, and its primary purpose was for
an accounting to ascertain the residue of indebtedness,
if any, due to the respondent from said Jim Burnett on
an account covered and secured by several mortgages on
lives stock and other property executed by him to re-
spondent Zadek, who was an advancing merchant, with
prayer for redemption, if any balance were due thereon,
and for cancellation, if found to have been satisfied.
By amendment, the scope of the bill and prayer for relief
were made to include, also, certain mortgages executed
by complainant Hattie Burnett, the widow, to said
Zadek, and covering the same property embraced in
her husband's mortgages. Demurrers to the amended
bill were overruled, and a decree was finally rendered,
ordering the register to state an account between the
parties, and report same to the court. An account was
stated, pursuant to this decree, and the report showed
a balance due complainant of $150. The respondent
filed a number of exceptions to the report, only two of
which were sustained; the result being a final decree
in favor of Hattie Burnett for $89. It was decreed, also,
in favor of all the complainants that the several mort-
gages recited in the bill, as amended, had been satisfied
in full; and that the register should so mark them.

The assignments of error are based on the overruling
of respondents's demurrers, and certain of his excep-
tions to the register's report; and on the decreeing of

personal relief to Hattie Burnett, to which her co-complainants were not entitled.

1. Complainants, being all jointly interested in the property covered by the mortgages, are proper co-complainants in a bill for accounting and redemption or cancellation. And whether the property in question was subject to administration or not, as widow and heirs at law of Jim Burnett, their interest is sufficient to entitle them to prosecute such a suit. It is clear, also, that their community of interest in the mortgaged property refutes the charge of multifariousness in the bill. We think the demurrers were without merit, and were properly overruled.

2. It may be conceded that, as a general rule, where several complainants file a bill jointly and make no case for joint relief, the bill should be dismissed.—*Davis v. Williams*, 130 Ala. 530, 30 South. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55.

On final submission this rule is now qualified by § 3212, Code 1907.

However, where on the pleadings and proof all the complainants are entitled to the main relief prayed for, as in the case before us, the court is not impotent to adjust the rights of individuals, and to grant individual relief also, where such rights grow out of and are inseparably connected with the chief subject-matter of the bill, as to which common relief may be and is granted. This accords with the equitable maxim which requires all the rights of the parties to be settled in one suit, when the jurisdiction is in proper exercise for one purpose; and we are aware of no authority which denies this view. The decree, finding a balance due from respondent to Hattie Burnett, was not, in this aspect, erroneous.

3. The register found that the balance carried forward from the year 1903 included usurious interest, and corrected it by reduction to an 8 per cent. basis. It is insisted that the only evidence relating to this item— the testimony of Abraham—shows that 15 per cent. interest was calculated *on* the balance, but did not enter *into* its composition. The record shows question and answer as follows: "Q. You charged them at the rate of 15 per cent. interest, did you not, on the balance brought forward from 1903, and also for merchandise sold him during *this* year? A. Yes, sir." It is obvious that, whatever the witness really intended to say, his answer, as here reported, whether considered alone or in connection with the rest of his testimony, is sufficient to warrant the finding of the register. If the answer quoted was a mistake, the trouble lies in the answer itself; and we cannot impute error to the interpretation given to it by the register.

But it is urged that the finding is erroneous, because the bill contains no charge of usury as to this item. Where usurious interest is embodied in a contract for the payment of money, whether the debtor is attacking or defending on that ground, it is well settled that he must distinctly set forth the facts showing the usury, and specify the items thus infected. But this rule has no application where, without any agreement, express or implied, usurious interest is gratuitously added to an account; and especially where, as here, it does not appear that complainants had any knowledge thereof, or made any payments with respect thereto. In such a case the law fixes the rate of interest, and the accounting must conform thereto, though unaided by suggestion from the pleadings.

4. Respondent's account, as stated by him, shows a credit of 2,083 pounds of cotton on October 4, 1904,

[Zadek, et al. v. Burnett, et al.]

amounting to $196.58, with deductions of $2, $4.58, and $20; the net credit entered being $170. The original transaction is shown in detail by respondent's receipt to Jim Burnet on that date, showing four bales of cotton, $196.58, less *storage,* $20, less cash, $4.58; the net credit being footed up as $190. A storage charge of $20 on four bales of cotton is inconceivable, and too patently erroneous, to say the least of it, for serious argument. The register correctly found that the $20 deduction was an error, as plainly shown by the receipt, and correctly credited complainants with $190 on this item.

5. Independently of any provision in the mortgage, the rule seems to be established that a chattel mortgagee, in lawful possession of the mortgaged property, is entitled upon an accounting to be credited with all reasonable and actual expenses incurred in caring for it. —7 Cyc. 91, and cases cited. This we take to be true, however, only where the mortgagee holds possession as bailee or trustees for the mortgagor, and not where he assumes to hold in his own right and for his own uses.

Applying the rule to the present case, we think the respondent, in seizing the property for sale under the power in the mortgage, was entitled to be reimbursed for expenses incurred by him in the care and maintenance of the stock prior to the sale by him; but the burden was upon him to show that the expenses thus charged were reasonable and necessary. It was his duty to sell as expeditiously as he reasonably could, and to limit the time, as well as the rate, of maintenance to the best of his ability. Beyond this, he was not authorized to incumber and burden the right of redemption. The charge made is $40 for stable bills, feed bills, and medical attention for one horse "from the time it was sent to Montgomery to the time it was sold." No proof was

offered that such expenses were necessarily incurred, nor that the charges therefor were reasonable in amount. In this state of the evidence, the register cannot be put in error for rejecting the item as a credit in favor of respondent.

6. "As a general rule, interest is not allowed on running accounts, so long as they remain open and unliquidated, unless there is some statutory provision that permits it, or some contract between the parties, express or implied, that interest shall be paid."—22 Cyc. 1510. The same authority further says that, "in some cases, however, interest has been allowed upon cash items of an account." In the cited case of *Rensselaer Glass Factory v. Reid*, 5 Cow. (N. Y.) 587, 602, upon a review of many early authorities, the conclusion was: "However it may be with respect to money lent, or as to money had and received, or in regard to merchandise sold and delivered, or however it may be where advances are made in pursuance of an express agreement, in which nothing is said about interest, I think the above authorities will admit of no other conclusion than that it is now a well-established, general rule of law that, where a person advances money for the use of another, under an implied authority, he who makes the advance is entitled to interest from the time it was made." Conceding the propriety of the allowance of interest on cash advances in such cases as the above, we think the nature of the present account permits of no implication that the cash items therein shown were intended to bear interest from the date on which each was furnished. They were usually small in amount, though ranging from $1 to $20, and frequently blended indistinguishably with merchandise charges. They were carried into the general balance at the end of each year, exactly as were the items of merchandise, and no claim or charge for in-

terest seems to have been made by respondent, except on the annual balances. Moreover, beginning about September 15th of each year, large payments were made on account which were likewise carried into the general balance, thus giving to respondent the benefit of advance payments on an account not due until the succeeding January. We therefore approve the action of the register in not allowing interest on cash items, except as included in the general annual balance, from year to year.

7. The mortgages contained a provision authorizing the mortgagee to sell the mortgaged property at either public or private sale. At his discretion, therefore, he might sell in either way, being liable to the mortgagor only for an injurious abuse of such discretion.—*Brook v. Headen*, 13 Ala. 370, 376. He sold the horse at private sale for $60, and credited complainants with that amount. The register, however, found the reasonable value of the horse to be $125, and entered a credit for that amount, instead of $60. With respect to such sales, we approve the following rule of responsibility: "The creditor will be held, at his peril, to deal fairly and justly with the property, both as to the time of the notice and the manner of the sale. Although it appears that he took pains to secure the best price practicable for the goods, and that they were sold for their value, and that the mortgagor assented to the prices obtained, yet, if he can prove that they were sold unfairly, or at an under price, he will be permitted to do so, and will be allowed their full value."—Jones on Chat. Mort. (5th Ed.) § 708. So it has been already declared by this court: "Although the mortgagee, by the terms of the mortgage, was authorized to sell the personal property embraced in the mortgage at private sale, this did not relieve him, in taking possession of and selling the property, from

[Zadek, et al. v. Burnett, et al.]

the duty of acting in the utmost good faith in selling the
same.   In selling the property at private sale for the
satisfaction of his mortgage debt, it was his duty to sell
it at a fair and reasonable valuation, and failing to do
so he became liable to the mortgagor for such failure."
Per DOWDELL, J., in *Johnson v. Selden,* 140 Ala. 418,
37 South. 249, 103 Am. St. Rep. 49.   The effect of the
authorities is to hold a mortgagee who sells at private
sale responsible and accountable for at least the fair
and reasonable value of the property, regardless of the
price actually received by him.   The rule is, of course,
less rigid where the sale is at public outcry.

We have examined the testimony upon which the reg-
ister's finding is based, and, as an original proposition,
unfettered by the force of that finding, we would be in-
clined to hold that $60 was a fair and reasonable value
for the horse.   But upon disputed issues of fact the reg-
ister's finding comes to us with the force and conclusive-
ness of a jury's verdict, and we do not feel justified in
the present case, in view of the conflicting testimony be-
fore him, in setting aside his conclusion and substitut-
ing our own in its stead.

It results that the chancellor did not err in overruling
the exceptions to the register's report, and the decree
of the city court will be affirmed.

Affirmed.   All the Justices concur, except DOWDELL,
C. J., and SAYRE, J., not sitting.