(82 South. 24)

## DISMUKES v. WEED'S EX'RS.
(4 Div. 819.)

(Supreme Court of Alabama. May 1, 1919. Rehearing Denied May 22, 1919.)

1. INTEREST ⬦⟳1—DEFINITION.

In view of Code 1907, § 4623, "interest" is compensation paid for the future use of money or other thing upon which interest may be charged.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest.]

2. USURY ⬦⟳68—EXCESSIVE CHARGES—CONSTRUCTION OF CONTRACT.

Where creditor executes note for balance due on open account, intending to bind himself to pay excessive interest charges, the contract entered into is one for past use of money or credit, and not a contract to pay interest in any proper or legal sense.

3. USURY ⬦⟳67—OPEN ACCOUNT—NOTE FOR BALANCE—CONSIDERATION.

Where interest was charged at usurious rate in carrying over annual balance on open account to succeeding year, a note for balance due on the account bearing lawful rate is void for want of consideration to the extent that it covers unlawful interest, but is good as to the remainder of the indebtedness, and payee can recover amount due, with interest.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Action by executors of J. H. Weed, deceased, against Joe Dismukes. Defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

M. A. Owen and W. W. Sanders, both of Elba, for appellant.

M. S. Carmichael, of Montgomery, for appellees.

SAYRE, J. This is an action by the executors of J. H. Weed, deceased, against appellant on a promissory note executed by the latter to deceased in his lifetime. The note was given to secure an open account for goods sold by deceased to the maker. The account in question had run through a number of years, and on each annual balance, as it was carried over to the succeeding year, interest was charged at the usurious rate of 10 per cent. It did not appear, however, that there was any contract for usury. Zadek v. Burnett, 176 Ala. 80, 57 South. 447. The note, given to close the account, bore interest at the lawful rate; but the sum total for which it was given included the items of interest charged upon the annual balances to which we have referred. There was evidence from which the jury may have inferred that defendant was aware of the inclusion of these interest charges, and so agreed to pay them.

[1-3] Interest is compensation paid for the future use of money or other thing (Code, § 4623) upon which interest may be charged. Assuming that defendant, executing the note, intended thereby to bind himself to pay the excessive interest charges shown by the account, the contract thus entered into was a contract for the past use of money or credit, and not a contract to pay interest in any proper or legal sense. Daniels v. Wilson, 21 Minn. 530. To the extent the new promise covered unlawful interest it was wanting in consideration and void. Webb on Usury, § 134. As for the remainder of the indebtedness evidenced by the account the note was not usurious, and plaintiff was entitled to recover the amount due with inter-

est at the legal rate. Nance v. Gray, 143 Ala. 234, 38 South. 916, 5 Ann. Cas. 55; Allen v. Turnham, 83 Ala. 323, 3 South. 854; Van Bell v. Fordney, 79 Ala. 76.

The trial court gave effect to the foregoing view, and its rulings were free of reversible error.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.