(92 South. 789)

## GRAND BAY LAND CO. v. SIMPSON.
### (1 Div. 219, 219A.)

(Supreme Court of Alabama. Jan. 12, 1922. Rehearing Denied April 13, 1922.)

1. **Appeal and error ⬅1017—Finding of register based on oral testimony not disturbed if there is reasonable doubt as to correctness.**

Under Code 1907, § 5955, a finding of a register based on oral testimony of witnesses is presumptively correct, and, if there is a reasonable doubt as to whether it is correct, the finding will not be disturbed.

2. **Brokers ⬅46—Agent who procured contract to purchase forfeited for nonpayment held not entitled to commission on new contract made by principal with purchaser's wife.**

Where real estate company forfeited a contract for the purchase of land for nonpayment

of installments when due, and thereafter sold the land to the purchaser's wife, and gave her credit for the amount collected from her husband on his old contract, the agent who procured the contract with the husband under agreement entitling him to a commission on the purchase money received by the company, was not entitled to commission on the money thereafter paid by the wife under the new contract.

**3. Brokers ⬅⇒86(1)—Evidence held to prove modification of contract as to commission.**

In an action for an accounting under a contract pursuant to which plaintiff had sold land for defendant for a commission payable upon collections on sales made by him, evidence *held* to prove that the original contract was modified by the parties by making of new contract changing the amount of compensation due plaintiff.

**4. Interest ⬅⇒19(1)—Not recoverable on unliquidated demands.**

Generally interest is not recoverable on unliquidated demands.

**5. Interest ⬅⇒18(2)—In action for accounting, interest not recoverable except from date of decree.**

In action against real estate company by sales agent for an accounting under a contract entitling the agent to a commission upon collections of purchase money on sales made by him for the company, the agent was not entitled to interest on the balance due except from the date of the final decree, since the balance due could not be known until the respective mutual unliquidated accounts were canvassed on reference and rendition of a final decree approving such finding of the register, in view of Code 1907, §§ 3157–3161, notwithstanding section 4620.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill by J. M. Simpson for an accounting under a contract with the Grand Bay Land Company, by which Simpson undertook to act as the sales agent of the land company for a commission, payable at a certain rate, upon collections of the purchase money on sales made by him. From the decree rendered on the report of the register and the statements of the account, the Grand Bay Lumber Company appeals, and J. M. Simpson files a cross-appeal. Reversed and remanded.

For former reports of this case, see 202 Ala. 293, 80 South. 358; 202 Ala. 606, 81 South. 548; 205 Ala. 347, 87 South. 186.

Harry T. Smith & Caffey, of Mobile, for appellant.

No interest can be allowed upon the settlement of an unliquidated and mutual account. 176 Ala. 80, 57 South. 447; 46 Ala. 282; 22 Cyc. 87; 51 Ark. 198, 10 S. W. 622; 175 Ill. 119, 51 N. E. 610; 36 Cal. App. 201, 179 Pac. 403; 38 Cal. App. 445, 176 Pac. 715; 6 Johns. (N. Y.) 45, 5 Am. Dec. 186; 13 Allen (Mass.)

520. No decree could have been obtained in a court of chancery upon any account already liquidated. 115 Ala. 516, 22 South. 128; 176 Ala. 227, 57 South. 696; 138 Ala. 645, 35 South. 645; 147 Ala. 503, 40 South. 311; Pomeroy's Equity, 178. The complaint has estopped himself to deny that the count was mutual and unliquidated. 136 Ala. 378, 34 South. 905, 96 Am. St. Rep. 26; 95 Ala. 516, 11 South. 200, 36 Am. St. Rep. 241; 107 Ala. 314, 18 South. 258; 70 Ala. 183. The finding of the register has the force and effect of the verdict of a jury. 127 Ala. 418, 30 South. 548.

Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

The direction of the court to the register to allow interest was not the modification of the decree, but an order made in aid of its execution. 105 Ala. 322, 16 South. 912; 176 Ala. 416, 58 South. 288; 198 Ala. 464, 73 South. 639; 186 Ala. 572, 64 South. 960. The transactions between the parties in this case did not constitute an open and unliquidated account.· 1 Ala. 62; 1 C. J. 601; 68 Ala. 149; 1 R. C. L. 205. The appellee was not entitled to any commissions on the sale to Mrs. Foster. 4 R. C. L. 331; 191 Ill. 645, 61 N. E. 431, 85 Am. St. Rep. 284; 9 C. J. 605.

THOMAS, J. A former appeal in this case (Grand Bay Land Co. v. Simpson) is found in 205 Ala. 347, 87 South. 186. The present appeal is from a decree confirming the report of the register based on oral examination of witnesses.

[1] Under subdivision 1 of section 5955 of the Code of 1907 the finding of a register based on oral examination of witnesses is presumptively correct, and, if there is a reasonable doubt as to whether it is correct, such finding will not be disturbed. Andrews v. Grey, 199 Ala. 152, 74 South. 62. That is to say, the weight and effect accorded to the finding of a register based on oral testimony will be the same as that given to the verdict of a jury; and, if from the whole evidence before the register it is a matter of reasonable doubt whether the correct conclusion has been reached, it should not be disturbed. The rule applies both to the trial judge, and, on appeal from his decision, to the Supreme Court. Chancellor v. Teel, 141 Ala. 634, 37 South. 665; Bidwell v. Johnson, 195 Ala. 547, 70 South. 685, and many authorities there collected.

[2] Of the respective assignments of error by appellee in cross-appeal we need only say that the evidence has been carefully examined, and we are of opinion that the right result was announced in the register's report. It would subserve no good purpose to discuss the evidence in detail. We may say, however, of the sale of the two orchards to Mr. Foster, that, after the payment of $1,320 on

account thereof, the contract was duly canceled after default of purchaser, as the Grand Bay Land Company had the right to do, and resell the property. Having in good faith canceled the contract, a separate and distinct sale to Mrs. Foster of one of the orchards did not, without more, entitle Mr. Simpson to further commission. The fact that, on making the resale to Mrs. Foster, the land company sold the orchard at the "standard price," and gave her credit for the amount collected from her husband on his old contract, did not make of the new transaction a mere transfer or assignment of the husband's contract to the wife. Mr. Foster paid $1,320 on the purchase price of the two lots before default, and the register allowed Mr. Simpson a commission of one-half of that amount or $660. Of this sum Mr. Simpson had been paid and received $532, leaving a balance due him of $128.00, for which the register gave him credit on stating the account.

The second cross-assignment of error related to the sale of the Elliott orchards, on which cross-appellant claimed as his commission the sum of $900, and appellant (cross-appellee) insisted that commission of $600 be, allowed by the register. Under the contract between the parties the commissions fixed at 20 per cent. of collections (without modification) would have been $900. The Grand Bay Land Company, however, insists that the contract was modified by mutual consent at the time of sale, reducing the amount to $600. The record discloses a conflict in the testimony before the register as to the item, the testimony of Mr. Clark tending to show modification, and that of Mr. Simpson to the contrary. The documentary evidence tended to show that Mr. Simpson was the bookkeeper of the Grand Bay Land Company, and a sheet of a loose-leaf ledger of that company was marked Sales Register No. A211, of January 22, 1915, in which the agent is indicated as J. M. Simpson, the subagent J. D. Clark, and rate of commission indicated opposite the name of the agent J. M. Simpson as "$600, payable 50 per cent. of cash received." There is no conflict in the evidence as to the general entries on this leaf of the sales ledger being in the handwriting of J. M. Simpson, the appellee. The evidence in behalf of Mr. Simpson tends to show that he made no such entry of the commissions as $600, but entered the same as $900, and that the amount was thereafter changed by some other person, without his knowledge or consent, to $600. The evidence further tends to show that, according to the custom of the business, Mr. Simpson should have made or would make monthly statements of commissions which he had earned, and draw on the treasurer for the balance due him; and there was in evidence a draft drawn by him which he collected and to which was attach-

207 ALA.—20

ed an account showing the commissions earned by him upon this item of $600.

[3] The parties, being sui juris, had the right to modify their original contract if they saw fit to do so; and, according to the tendency of the evidence for appellant (cross-appellee), Mr. Simpson agreed with Mr. Reichert, president of the defendant land· company, to reduce the commissions on that sale from $900 to $600. Though Mr. Simpson denied this fact, the register has found and so reported that the latter did make such modified agreement as to the commissions on the Elliott sale. Under the oral and written evidence, tendency of evidence by Mr. Clark was corroborated, and the finding of the register will not be disturbed. McQueen v. Whetstone, 127 Ala. 417, 30 South. 548.

On the appeal of Grand Bay Land Company the insistence is made that allowance of interest was not permissible under the pleading and former decision. The direction of the circuit· court to the register was to allow interest on the several sums due to complainant from the several. dates when the same became due and payable, and that the defendant company, be allowed interest upon each item of commission on sale of listed lands received by complainant from the date he received same, but, "Upon any portion of said commissions that complainant has paid to defendant, the register will only charge interest to the date of such payment." Appellant insists that the final decree could not be made subject to the decretal order aforesaid. A further instruction to the register, if not inconsistent with the final decree, is allowable in aid of its execution. McCalley v. Finney, 198 Ala. 462, 73 South. 639; Gainer v. Jones, 176 Ala. 408, 58 South. 288; Thompson v. Maddux, 105 Ala.·326, 16 South. 885. Appellant further insists that only on the reference could appear the balance of account, and that from time to time complainant had received advancements upon commissions earned before the same matured, and that, no interest being allowed on such advancements by the Land Company to Simpson, this fact necessitated a modification of the former order of allowance of interest on commissions.

The theory of appellant's bill for accounting and the reason for the exception of allowance of affirmative relief to a respondent in said bill on answer without a cross-bill, are that such a bill is for the discovery of the balance due upon, and the settlement of, an· unliquidated and mutual account requiring the aid of a court of equity. Hamilton v. Terry Fur. & Loan Co. (Ala. Sup.) 91 South. 489;[1] Grand Bay Land Co. v. Simpson, supra.

[4] We have been unable to find a case in this jurisdiction bearing directly on the point

[1] 206 Ala. 622.

presented for decision. The general rule for the allowance of interest is that the same is not recoverable upon unliquidated demands. To this text are collected many authorities in 22 Cyc. p. 1512, of which are Glidden v. Street, 68 Ala. 600, where the action was of trespass quare clausum fregit, on the authority of Jean v. Sandiford, 39 Ala. 317. In the former case Mr. Chief Justice Brickell merely announced that the damages assessed in such action do not bear interest until after they have been ascertained by verdict and judgment. Then, by a merger, the damages will bear interest from the date of rendition of judgment. The Jean-Sandiford Case, supra, was a statutory action for trespass by cattle, and interest was not allowed on the damages assessed by the jury. Judge Stone said:

"The error of the court below consists in awarding judgment for interest, when none was due."

The statute being applied provided that the penalty for the second, or any subsequent trespass is "double damages," and that, if interest be allowed "on the first recovery, by the same rule we must allow it on each subsequent recovery. This would be an enlargement of the terms of the statute, which we feel unwilling to make."

In a suit for damages for trespass by stock on account of the failure to erect or keep in proper condition a cattle guard, etc., the measure of damages was declared to be the value of the things destroyed, provided such things have a value which can be ascertained without reference to the soil; and having such an ascertainable money value, it was proper to add to the damages ascertained interest from the date when the injury was done. A. & B. A. v. Brown, 158 Ala. 607, 48 South. 73; Foust v. Kinney, 202 Ala. 392, 80 South. 474.

The case of Ingersoll v. Campbell, 46 Ala. 282, was an action for money had and received by defendant for the use of plaintiff— held merely that, when a bailee is to keep the money of another on deposit until demanded, and on demand (without reasonable excuse refuses to deliver such money), he thereby renders himself liable to the payment of interest from the time of the demand. That of Zadek v. Burnett, 176 Ala. 80, 57 South. 447, was a bill for accounting and cancellation of a mortgage, where the general rule was declared as not allowing interest on running accounts, so long as they remain open and unliquidated, unless there is some statutory provision which permits it or some contract between the parties, express or implied, that interest should be paid. The justice observed that, conceding the propriety of the allowance of interest on cash advances, the nature of the account permitted no implication that the cash items shown were intended to bear interest from the date on which each was furnished, since they were small in amount, frequently blended "indistinguishably with merchandise charges," and carried into the general balance at the end of each year, exactly as were the items of merchandise, and that "no claim or charge for interest seems to have been made by respondent, except on the annual balances." The action of the register in not allowing interest except on the annual balances from year to year was approved.

It may be conceded that the foregoing authorities bear little or no analogy to the question for decision.

[5] In his Law of Interest, Mr. Perley formulated some general rules for the allowance of interest, deducible from the great mass of decisions, to wit: (1) The amount due must be certain; (2) the time when it is due must be certain; (3) the amount due and time of payment must be known to the debtor. Pages 25–32. In the instant suit the balance for which the aid of a court of equity was invoked could not be known until the respective mutual, unliquidated accounts were canvassed on reference and the rendition of final decree approving such finding of the register. The balance of mutual unliquidated accounts should not bear interest except from the date of the final decree. Were the balances liquidated, no necessity would exist for resort to a court of equity in aid of ascertainment and enforcement, and a suit therefor should have been prosecuted at law. Julian v. Woolbert, 202 Ala. 530–532, 81 South. 32; Grand Bay Land Co. v. Simpson, supra. Such, however, was not the case made by the pleadings and evidence. Moreover, it required a construction of the contract of the parties on former appeal that a just and true accounting between them might be had on a reference. Such was the purport of the bill considered on first appeal.

Appellee's insistence is that interest is statutory and runs upon each item of account from its due date. Code 1907, § 4620. If this rule be applied to mutual, unliquidated accounts, it can only be as to ascertained "balance" in money that should have been paid. The balance in favor of complainant could not be ascertained before the reference and its confirmation by the court. Railroad Co. v. Swasey, 23 Wall. 405, 23 L. Ed. 136; Lodge v. Twell, 135 U. S. 232, 10 Sup. Ct. 745, 34 L. Ed. 153; Stapler v. Hurt, 16 Ala. 799; Code 1907, §§ 3157–3161.

The costs of this appeal will be taxed against appellee Simpson. The decree of the circuit court in equity is reversed, and the cause is remanded for further consideration and decree on reference pursuant to the foregoing.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

## On Rehearing.

THOMAS, J. The application for rehearing in this cause, together with brief accompanying same, has been carefully considered, and all the justices concur in the foregoing opinion, and think that the question as to interest was correctly decided in Zadek v. Burnett, 176 Ala. 80, 57 South. 447 (22 Cyc. p. 1510), and that the application be overruled.

Application for rehearing overruled