9 So.2d 765

**WARLEY et al. v. CIEUTAT.**

**1 Div. 391.**

Court of Appeals of Alabama.

March 3, 1942.

Rehearing Denied May 26, 1942.

McCorvey, McLeod, Turner & Rogers, of Mobile, for appellants.

D. R. Coley, Jr., of Mobile, for appellee.

BRICKEN, Presiding Judge.

It is shown by this record that in the year 1921, or 1922 Mitchell A. Cieutat was a farmer, living and doing business in Mobile County, Alabama, and that at this time Warley Fruit and Produce Co. was a partnership, with its place of business in the City of Mobile, Alabama, and that it was engaged in buying and selling fruit and produce and doing, also, an advancing business to farmers in Mobile County, Alabama; that in said year 1921, or 1922, said partnership began to do business with the said Mitchell A. Cieutat; the said partnership loaned money and sold seed and fertilizers from year to year to him on open account; that on the 28th day of June, 1929, said Cieutat was indebted to said Warley Fruit and Produce Co. in the sum of $4,000, which said sum of money said partnership then insisted that he should either pay or give security for its payment; that on June 28, 1929, Mitchell A. Cieutat and Alice Cieutat, his wife, executed and delivered to Warley Fruit and Produce Co. a mortgage upon certain described real estate, situated in Mobile County, Alabama, and containing 26½ acres of land more or less, to secure the payment of said sum of $4,000 indebtedness then due from Mitchell · A. Cieutat to said Warley Fruit and Produce Co., and which said sum of $4,000 was evidenced by eight notes payable in 1, 2, 3, 4, 5, 6, 7, and 8 years from the date thereof, each of which said notes was for the principal sum of $500, and each of said which notes provided for the payment of interest *at the rate of 8% per annum,* on each note from the date thereof; that said described notes and mortgage were, for a good and valuable consideration, assigned by said Warley Fruit and Produce Co. to the Merchants National Bank of Mobile, and remained in the ownership and possession of said Bank until they were cancelled and surrendered by said Bank upon its collection of certain life insurance upon the life of said Mitchell A. Cieutat, as hereinafter more specifically stated; that on March 28, 1925, the Prudential Insurance Co. of America issued to the said Mitchell A. Cieutat a life insurance policy, No. 4,931,-385, for the sum of $5,000, which said life insurance policy was on said March 28, 1925, duly and legally assigned by said Cieutat to said Warley Fruit and Produce Co.; that on September 27, 1932, the Prudential Insurance Co. of America issued to said Mitchell A. Cieutat another life insurance policy, No. 7,853,977, for the sum of $5,000, which said life insurance policy was on September 29, 1932, duly and legally assigned by said Cieutat to said Warley Fruit and Produce Co.; that the two above-mentioned insurance policies were also duly and legally assigned by the said Warley Fruit and Produce Co. to said Merchants National Bank of Mobile. The assignment of said insurance policies to said Bank expressly provided that:

"Whereas, Mitchell A. Cieutat has assigned unto Warley Fruit and Produce Company life insurance policies on his life *for the protection of said mortgage,* and

Whereas, the Warley Fruit and Produce Company desires that this life insurance protection follow the mortgage." (Emphasis supplied.)

It is further shown by this record that the above-described note and mortgage were not paid to the Merchants National Bank of Mobile, said assignee thereof, during the lifetime of the said Mitchell A. Cieutat, who died intestate in Mobile County, Alabama, on July 8, 1937; that on August 4, 1937, the Merchants National Bank of Mobile, the assignee of the two above-mentioned insurance policies, received from the insurer, the said Prudential Insurance Co. of America, the sum of $10,038.13 in full settlement of the death claim due under said policies, and immediately applied the same to the credit of the said Warley Fruit and Produce Co. and in settlement also of said notes and mortgage upon which said bank claimed there was then due the principal sum of $4,000 and interest alleged to have accrued on said mortgage indebtedness in the sum of $3,436.59, and also to an open account of Mitchell A. Cieutat to Warley Fruit and Produce Co. in the sum of $2,603.04, claimed by said Merchants National Bank of Mobile to have been also assigned to it by said Warley Fruit and Produce Co., and which said account is not involved in this case.

At the time said bank collected said $10,038.13 from said Insurance Co. in settlement of said insurance policies there was due on said eight notes, the payment of which was secured by said mortgage, according to the clear and unmistakable provisions of said notes, the sum of $4,000, and interest thereon accrued at the rate of 8% per annum from June 28, 1929, the date of said notes, to August 4, 1937, the date said Bank collected said $10,038.13. That is to say there was then due on said notes the principal sum of $4,000 plus the interest thereon at the rate of 8% per annum from the date of said notes, and amounting to $2,591.99, or $6,591.99 in all, with the interest being calculated at the rate of 8% per annum, straight, as provided by said notes.

With reference to the amount due the Merchants National Bank of Mobile on said notes and mortgage at the time they were cancelled and surrendered by said bank, appellant makes the following statement in its brief: "The statement rendered by the Bank to her (appellee) showed the balance due on this mortgage up to August 4, 1937, as $7,455.22, *which included interest compounded annually from the date of the mortgage* on June 28th, 1929, to August 4th, 1937, which interest aggregated $3,466.22."

Appellant also makes the further statement in its brief, in substance, that Mrs. Cieutat (appellee) claimed that the Bank should have charged only straight interest at the agreed rate of 8 per cent per annum on the $4,000 mortgage indebtedness from June 28, 1929, to August 4, 1937, which aggregated $2,591.99, although no payments were made on the principal or interest for over eight years, rather than with $3,466.-22, the amount of said interest compounded annually, and that the amount sued for by appellee in the court below was $874.23 the difference between $3,466.22 (interest compounded annually on the principal sum of $4,000) and $2,591.99 (straight interest upon the principal sum of .$4,000 at the rate of 8% per annum from the date of said note).

Alice· F. Cieutat as administratrix of the estate of Mitchell A. Cieutat, deceased, brought her suit in the court below against Warley Fruit and Produce Co. for said sum of $874.23 claiming in count 2 of her complaint that said sum was due her as such administratrix for money received by said Warley Fruit and Produce Co., defendant, for the use of the plaintiff.

The defendant interposed its plea alleging that the allegations of the complaint were untrue. It was proved upon the trial of this case in the court below that the above-described mortgage together with the eight principal notes thereby secured, and the two above-described insurance policies were all duly and legally assigned by Warley Fruit and Produce Co. to the Merchants National Bank of Mobile.

It was further proved that said Merchants National Bank of Mobile collected $10,038.13 on August 4, 1937 from the Prudential Insurance Co. of America, in full settlement of said two insurance policies, and that said Bank immediately gave credit for said $10,038.13 to said Warley Fruit and Produce Co. on its account with said Bank, at the same time canceling and surrendering the above-described eight notes and mortgage, executed by Mitchell A. Cieutat and wife to said Warley Fruit and Produce Co., and by said Company assigned to said Bank.

It was further proved, without dispute, that said Merchants National Bank of Mo-

bile charged compound interest on the said principal indebtedness of $4,000, the payment of which was secured by said mortgage, from June 28, 1929, the date of said mortgage, to August 4, 1937, the date said insurance was paid, and retained said compound interest, amounting to $3,436.59, and retained also said principal sum of $4,000 aggregating $7,436.59, for the credit of said Warley Fruit and Produce Co., all of which was ratified and confirmed by said defendant.

Said Bank canceled and discharged said notes and mortgage in its own name and right and returned the same to said Warley Fruit and Produce Co. who in turn delivered them to the plaintiff along with a statement of account showing among other things that the Warley Fruit and Produce Co. claimed that there was due on said mortgage indebtedness the sum of $7,466.23, or $29.64 more than the amount charged by said Merchants National Bank of Mobile in the cancellation of said notes and mortgage.

 Under the law of this State interest is compensation paid for the future use of money, or other things upon which interest may be charged, and· where there is nothing showing an agreement as to usurious interest, interest is properly calculated at the legal rate. Dismukes v. Weed's Ex'rs, 203 Ala. 64, 82 So. 24; Cross v. Bank of Ensley, 203 Ala. 561, 84 So. 267.

 The Merchants National Bank of Mobile had no legal or equitable right to charge compound interest upon the notes and mortgage executed by Mitchell A. Cieutat and wife to Warley Fruit and Produce Co. and assigned to said Bank by said Company. The notes and mortgage gave no such authority and this record does not show that said Bank had, by way of stated account between said Bank and said mortgagors, or otherwise, the legal or equitable right to charge and collect compound interest on said indebtedness and credit the same to the account of the Warley Fruit and Produce Co., as was done in this case.

 The Warley Fruit and Produce Co., assignors of said notes and mortgage, certainly had no legal or equitable right or authority after the assignment of said notes and mortgage by it to said Bank, to state an account between it and Mitchell A. Cieutat, charging compound interest, or any other interest, or sum, for that matter, upon an indebtedness that then existed between Mitchell A. Cieutat and the Merchants National Bank of Mobile, so as to bind the said Mitchell A. Cieutat, or his estate, either to said Bank or to said Company for said compound interest.

It was proven, without dispute, that Warley Fruit and Produce Co. got the exclusive benefit of the $874.23 compound interest charged by the Merchants National Bank of Mobile against the 'estate of Mitchell A. Cieutat, and that said partnership ratified and confirmed the unlawful charge of said compound interest which was collected by said Bank for the use, benefit and credit of the Warley Fruit and Produce Co. said partnership.

It is the opinion and judgment of this court that Warley Fruit and Produce Co. was and is liable to the plaintiff for said sum $874.23 together with the interest thereon accrued upon legal principles so plain and elementary as to need no citation of authority in support thereof.

 It is further the opinion and judgment of this court that plaintiff's action in assumpsit was properly brought for the recovery of the amount claimed. Jefferson County v. O'Gara, 239 Ala. 3, 195 So. 277, 278; Allen v. M. Mendelsohn & Son, 207 Ala. 527, 93 So. 416, 417, 31 A.L.R. 1063.

This court has studied and examined the record upon this appeal with care and finds therein no error of which the appellant can justly complain. The judgment of the court below is therefore hereby affirmed.

Affirmed.

### On Rehearing.

BRICKEN, Presiding Judge.

The opinion heretofore promulgated in this case speaks for itself; and the principal insistence upon application for rehearing is not sustained by the opinion. Every issue of fact involved upon the trial was submitted to and decided by the jury; and we are in accord with the argument of counsel for appellee wherein it is stated: "The defendants received at the hands of the court a more favorable charge than they were entitled to receive."

We refrain from further discussion as not being necessary.

The application for rehearing is overruled.